UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLARO JON EDWARDS,<br><br>               Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | NO:  2:15-CV-0082-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(b).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. *Id.* § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. *Id.* § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. *Id.* § 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments the Commissioner must find the claimant disabled and award benefits. *Id.* § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). *Id.* § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The burden of proof is on the claimant at steps one through four. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

# ALJ FINDINGS

Plaintiff filed an application for supplemental security income, dated November 18, 2013, alleging a disability onset date of May 1, 1994. Tr. 151-59. Plaintiff's claim was denied initially, Tr. 88-95, and upon reconsideration, Tr. 102-10. Plaintiff requested a hearing before an ALJ, Tr. 111-13, which was held on December 4, 2014, Tr. 29-37. On December 18, 2014, the ALJ rendered a decision denying Plaintiff's claim. Tr. 9-28.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 18, 2013, the application date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder; anxiety; personality disorder with antisocial features; low back pain; headaches; asthma; obesity. Tr. 14. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 15. The ALJ then concluded that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 416.967(b) except he needs to alternate positions every two hours between sitting and standing or walking. He can occasionally bend, balance, stoop, crouch, crawl, kneel, and climb ramps and stairs but never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to extreme temperatures, vibrations, respiratory irritants and all hazards. He is able to understand, remember and carry out simple, repetitive tasks and instructions, and is able to maintain attention and concentration on simple repetitive tasks for two-hour intervals

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

between regularly scheduled breaks. He can interact no more than
briefly/superficially (defined as non-cooperative) with the public,
coworkers and supervisors.

Tr. 17-18. At step four, the ALJ found Plaintiff had no past relevant work. Tr. 23. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as office cleaner, advertising material distributor, and products assembler. Tr. 23. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 24.

On February 3, 2015, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. ECF No. 22. Plaintiff raises the following two issues for this Court's review:

(1) Whether the ALJ properly discredited Plaintiff's symptom claims; and

(2) Whether the ALJ properly considered and weighed the medical opinion evidence.

ECF No. 15 at 9. The Court evaluates each issue in turn.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## DISCUSSION

### A.     Adverse Credibility Finding

First, Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting his symptom claims. *Id.* at 9-14.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds the ALJ provided several specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "not entirely credible." Tr. 19.

First, the ALJ found the objective medical evidence did not support Plaintiff's symptom claims. Tr. 19. The ALJ set out, in detail, the medical evidence regarding Plaintiff's impairments and concluded that his allegations were inconsistent with the evidence. Tr. 19-22. For instance, as for Plaintiff's physical

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

impairments, while Plaintiff complains of disabling back pain, the ALJ noted that radiology imaging "reveal[s] normal cervical spine and mild degenerative changes of the lumbar spine" and MRI results indicate "normal alignment and healthy spine except for L5-S1 disc narrowing and moderate disc extrusion, without significant nerve root compression, but moderate foraminal stenosis at L5-SI." Tr. 19-20. Further, the ALJ put great significance on the fact that no treating or examining physician opined that Plaintiff's impairments "would completely preclude work functioning." Tr. 19. As for Plaintiff's mental impairments, the ALJ observed that Plaintiff "testified that he could not work due to his mental limitations, yet as noted herein; examining and treating medical sources consistently reported normal findings or only mild psychological abnormalities on exam and reported that the claimant could return to work with treatment." Tr. 22.

Such inconsistencies between Plaintiff's alleged limitations and medical evidence provided a permissible reason for discounting Plaintiff's credibility. *See Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination ... [t]he ALJ may consider ... testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which the claimant complains.") (internal citations and modifications omitted); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted).

Second, the ALJ noted the conservative treatment of Plaintiff's physical impairments and his noncompliance with certain suggested treatment. Tr. 19-20. The ALJ observed that Plaintiff has

> not required hospitalization; he has undergone only regular and conservative treatment, while treating and examining medical sources have noted generally stable condition or reported objective medical abnormalities that have been generally mild ….
>
> … [Dr. Barnes] reported that the ongoing duration of symptoms was likely related to only intermittent flare-up and re-injury and recommended treatment with conservative modalities of bracing and epidural steroid injection treatment. However, nothing in the medical evidence indicates that the claimant has followed through and been wearing a brace or underwent injection treatment. The claimant's noncompliance with suggested treatment suggests to the undersigned that his condition is not as severe as he has alleged.

Tr. 19-20 (internal citations to the record omitted). Conservative treatment is a permissible reason to discredit Plaintiff's testimony. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted). Likewise, Plaintiff's failure to follow a prescribed course of treatment is also a permissible reason to discredit his

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

testimony. *See Molina*, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure … to follow a prescribed course of treatment.") (internal quotation marks and citation omitted).

The ALJ also observed that Plaintiff did not obtain treatment for his mental health impairments until late 2013. Tr. 21. The failure to seek mental health treatment may not be a legitimate basis to reject a claimant's symptom claims. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Nonetheless, in light of all the other permissible reasons the ALJ provided for discrediting Plaintiff's testimony, this Court does not find the ALJ has committed reversible error. *See Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." (citations omitted)); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that any error the ALJ committed in asserting one impermissible reason for claimant's lack of credibility did not negate the validity of the ALJ's ultimate conclusion that the claimant's testimony was not credible).

Third, the ALJ found Plaintiff's daily activities were inconsistent with his symptom claims. Tr. 20, 22. The ALJ observed that Plaintiff "reported he had

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

difficulty dealing with people socially, yet also reported that [he] spends time daily visiting friends and socializes daily through text messages and Facebook." Tr. 22. The ALJ also noted that Plaintiff "reported he could not stay focused for long, but could prepare meals, do laundry, dishes, go shopping, walk and drive." Tr. 22. The ALJ further observed that in a Third Party Function Report, a friend of Plaintiff reported that Plaintiff "used public transportation, could shop in stores for groceries, pay bills, count change, handle a savings account and use a checkbook/money orders." Tr. 22. Based on these reports, the ALJ reasoned that Plaintiff "clearly and consistently performs basic functioning within the limitations prescribed by the [RFC] contained in this decision." Tr. 22. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks and citations omitted). Thus, the ALJ provided another permissible reason to discredit Plaintiff's testimony.

Fourth, the ALJ observed inconsistencies between Plaintiff's testimony and his conduct. For instance, the ALJ noted that Plaintiff "testified at the hearing that he continued to attend counseling, yet the records indicate that the claimant cancelled an appointment and thereafter discontinued therapy." Tr. 21. Such an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

inconsistency is another permissible reason to discredit Plaintiff's testimony. *See Thomas*, 278 F.3d at 958-59.

In sum, despite Plaintiff's arguments to the contrary, the ALJ provided several specific, clear, and convincing reasons for rejecting Plaintiff's testimony. *See Ghanim*, 763 F.3d at 1163.

### B.  Medical Opinion Evidence

Next, Plaintiff faults the ALJ for improperly discounting the opinion of Dr. Arnold. ECF No. 15 at 15-16. Specifically, Plaintiff argues the ALJ provided inadequate reasons unsupported by substantial evidence for assigning Dr. Arnold's little weight.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted).

This Court finds the ALJ properly discounted the opinion of Dr. Arnold. As Plaintiff conceded, ECF No. 15 at 14, the ALJ need only have provided "specific and legitimate" reasoning for rejecting Dr. Arnold's opinion as it was contradicted by other sources. *See Bayliss*, 427 F.3d at 1216. Specifically, it was contradicted by two psychological evaluators, both of whom reviewed the medical evidence and evaluated Plaintiff "as able to consistently sustain concentration, persistence and pace for simple instructions and tasks and brief/superficial interaction with the general public, coworkers and supervisors." Tr. 21. Dr. Arnold's opinion was also contradicted by a clinical psychologist who testified as an independent medical expert during the hearing, and who reviewed the medical evidence and opined Plaintiff had "some limitations secondary to his mental impairments, but he could

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

still understand and carry out simple work, but no complex work and he limited social interaction away from large groups, crowds and only small groups or work on his own." Tr. 22.

Dr. Arnold conducted a psychological evaluation of Plaintiff on September 19, 2013. Tr. 255-58. Dr. Arnold opined Plaintiff had marked limitations in two areas: (1) the ability to maintain appropriate behavior in a work setting; and (2) the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 257. Dr. Arnold concluded that Plaintiff would be impaired for 12 months with treatment. Tr. 257.

Upon review of Dr. Arnold's opinion, the ALJ found:

> Dr. Arnold noted that Trails "A" tested indicated scores consistent with impairment, but noted that Trails "B" was "deferred" *but provided no reasoning*. He diagnosed dysthymia disorder; general anxiety disorder; personality disorder; NOS with avoidant features; rule out diagnosis for borderline intellectual functioning and reported global assessment of functioning (GAF) score of 55. Dr. Arnold evaluated the claimant as moderately limited in eight areas and markedly limited in two areas of the thirteen basic work criteria for cognitive and social functioning on the DSHS form. However, Dr. Arnold noted on mental status exam findings within normal limitations, except for fund of knowledge. He noted thought process and speech were logical and progressive, the claimant was cooperative and congenial, affect was moderately constricted and congruent and only mood appeared as anxious and depressed. *Because Dr. Arnold's opinions are internally inconsistent with his findings and minimally support his opined limitations*, little weight is accorded his opinions. Of further significance, the record also indicates that Dr. Arnold advised that the claimant concluded that the claimant should be able to return to work with treatment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

Tr. 21 (internal citations to the record omitted) (emphasis added).

Here, the ALJ provided two specific and legitimate reasons to discount Dr. Arnold's opinion. First, the ALJ states and explains that Dr. Arnold's opinions are internally inconsistent with his findings. Specifically, the ALJ found Dr. Arnold's findings of moderate and marked limitations were inconsistent with Dr. Arnold's assessment of Plaintiff's mental examination results, which were within normal limitations, except for Plaintiff's fund of knowledge. Inconsistency is a permissible reason to discount a physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining the incongruity between a physician's opinions and medical records provides a specific and legitimate reason to discount the physician's opinion). Second, the ALJ states and explains Dr. Arnold provided limited reasoning and minimal support for his findings. This too is a permissible reason to discount a physician's opinion. *See Bray,* 554 F.3d at 1228.

Plaintiff contends the ALJ's reasons are not supported by substantial evidence. ECF No. 15 at 15. In support, Plaintiff cites to the rule that a non-examining physician's opinion alone does not constitute substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (holding the opinion of a nonexamining physician cannot by itself constitute substantial evidence).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

This Court disagrees and finds there is substantial evidence to support the ALJ's specific and legitimate reasons. Here, there are three nonexamining doctors, one treating medical provider, and medical reports that conflict with Dr. Arnold's findings of marked limitations. For instance, in addition to the opinions of the nonexamining doctors, the ALJ provided some weight to Plaintiff's treating PA-C, Tobias Lopez, who evaluated Plaintiff "as capable of performing sedentary work due to migraine headaches, mild diabetes, neck and back pain and *psychological* conditions." Tr. 20 (citation to record omitted; emphasis added). In addition, as discussed, Dr. Arnold's own findings, contained within the medical record, conflict with his opinion. *See* Tr. 21; *see also Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and tests results which were contained in the record and found to constitute substantial evidence). The Court finds that the above referenced evidence constitutes substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995) (where the Court found that the opinions of five nonexamining mental health professionals, medical reports in the record, and Plaintiff's own testimony amounted to substantial evidence).

Accordingly, because the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Arnold's opinion, no error has been shown.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **Judgment for Defendant**, provide copies to counsel, and **CLOSE** the file.

**DATED** May 26, 2016.



THOMAS O. RICE
Chief United States District Judge